**IT IS ORDERED as set forth below:**

**Date: June 12, 2025**

_____

**Jeffery W. Cavender**
**U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| DAIDRIE LANGLEY GRAHAM, | : | CASE NO. 23-62269-jwc |
| Debtor | : | |
| | : | |
| S. GREGORY HAYS, Chapter 7 Trustee | : | ADVERSARY PROCEEDING |
| | : | NO. 24-05099-jwc |
| Plaintiff, | : | |
| v. | : | |
| MARSEL SPEARS | : | |
| Defendant | : | |

**DEFAULT ORDER FOR MONEY JUDGMENT**

Before the Court is the *Motion for Entry of Money Judgment* (the "Motion")(Doc. No. 14) filed by Plaintiff, S. Gregory Hays, chapter 7 Trustee ("Trustee") for the bankruptcy estate of Daidrie Langley Graham ("Debtor"), seeking entry of default judgment against Marsel Spears ("Defendant") in the amount of $50,437.00. The record reflects the following:

1. Debtor's *Amended Schedule A/B: Property* indicates that Debtor is the owner of a 3 carat diamond ring (the "Ring") in the possession of Spears (Bankr. Doc. No. 16, Page 4 of 18).

2. Pursuant to 11 U.S.C. § 542(a), on May 1, 2024, Trustee initiated the above styled adversary proceeding by filing the *Complaint for Turnover* (the "Complaint") against Defendant (Adv. Pro. Doc. No. 1), seeking turnover of the Ring or an accounting of the Ring or its value.

3. On May 2, 2024, the *Summons* (Adv. Pro. Doc. No. 2) was issued on Defendant (the "Summons").

4. On May 3, 2024, Trustee served Defendant with a copy of the Complaint and Summons by regular first class mail, postage prepaid, as evidenced by the *Certificate of Service* filed May 13, 2024 (Adv. Pro. Doc. No. 3) and the *Certificate of Service Declaration of Mailing* filed June 2, 2024 (Adv. Pro. Doc. No. 4). The Complaint and Summons were not returned as undeliverable. Defendant was required to answer or otherwise respond to the Complaint no later than June 3, 2024, which is the first business day that following the thirtieth (30th) day after issuance of the Summons.

5. On July 10, 2024, Trustee filed the *Amended Request for Clerk's Entry of Default* (the "Default Request") (Adv. Pro. Doc. No. 7). The *Certificate of Service* attached to the Default Request indicates that Trustee served the Default Request on Defendant by overnight mail. On July 11, 2024, the Clerk of the Court entered default against Defendant.

6. The *Declaration Pursuant to 28 U.S.C. § 1746 of G. Frank Nason, IV* (the "Declaration")( Adv. Pro. Doc. 9) sets forth that counsel for Trustee (i) on August 1, 2024, sent a copy of the Complaint, Summons, and Default Request, with explanatory language, to Defendant by electronic mail that was not returned as undelivered, and (ii) on August 7, 2024, Trustee's counsel sent a text to a phone number associated with Defendant.

7. On August 14, 2024, Trustee filed his *Motion for Default Judgment* (the "Default Motion")(Adv. Pro. Doc. No. 8) and *Notice of Hearing on Motion for Default Judgment* (the "Default Hearing Notice")(Adv. Pro. Doc. No. 8-1).The Certificate of Service attached to the Default Motion and Default Hearing Notice reflects service by overnight mail and electronic mail. Neither was returned as undeliverable (Declaration ¶ 9)

8. The Declaration reflects that on August 14, 2024, Debtor's counsel called the number associated with Defendant, but could not leave a voice mail because the voice mailbox was full.

9. To date, no answer or defense has been pled or filed by Defendant.

10. The Court held a hearing on the Motion on September 12, 2024 (the "Hearing"). Defendant did not appear at the Hearing.

11. On September 16, 2024, the Court entered its *Default Order Compelling Turnover of Property* (the "Turnover Order")(Adv. Doc. No. 10), compelling Defendant to turnover the Ring.

12. The Turnover Order was personally served on Defendant on October 6, 2024 (Adv. Doc. No. 12).

13. Plaintiff filed the Motion on May 2, 2025. Defendant filed his Notice of Hearing on Motion for Entry of Money Judgment (the "Notice") setting the hearing on the Motion for June 5, 2025 (the "Hearing").

14. The Motion set forth that Defendant failed to turnover the Ring and failed to account for its value.

15. The Motion included testimony from Debtor's deposition that the Ring was purchased from D. Geller & Sons on June 6, 2021, for the price of $50,427.00. A copy of the American Express statement reflecting the purchase was attached to the Motion.

16. Defendant failed to appear in the case, and therefore was not entitled to notice of the Motion or the Hearing pursuant to Fed. R. Bankr. P. 55 and Fed. R. Bankr. P. 5(a)(2).

17. Nevertheless, Plaintiff made diligent effort to serve Defendant personally with the Motion and Notice at two locations, and electronically sent the Motion and Notice to Defendant by electronic mail to two email addresses that were not returned as undeliverable (Doc. No. 16).

18. Defendant failed to appear at the Hearing.

Based on the record in the case, the Court concludes that Plaintiff is entitled to a money judgment against Defendant in the amount of $50,427.00, which represents the value of the Ring. Accordingly, it is

ORDERED that judgment be entered in favor of Plaintiff and against Defendant in the amount of $50,427.00.

Judgment in favor of Trustee will be entered by separate order.

[END OF DOCUMENT]

**Prepared and presented by:**

LAMBERTH, CIFELLI,
ELLIS & NASON, P.A.
*Counsel for the Chapter 7 Trustee*

By: */s/ G. Frank Nason, IV*
         G. Frank Nason, IV
         Georgia Bar No. 535160
         fnason@lcenlaw.com
6000 Lake Forrest Drive, N.W.
Suite 290
Atlanta, GA  30328
(404) 262-7373

**Identification of parties to be served pursuant to BLR 9013-2 N.D. Ga.:**

G. Frank Nason, IV, Lamberth, Cifelli, Ellis & Nason, P.A., 6000 Lake Forrest Drive, N.W., Suite 290, Atlanta, GA  30328

S. Gregory Hays, Hays Financial Consulting, LLC, Suite 555, 2964 Peachtree Road, Atlanta, GA 30305

Daidrie Langley Graham, 6595 Roswell Road, STE – G PMB 747, Atlanta, GA 30328

Marsel Spears, 5304 Derby Manor Lane, Suite 202, Upper Marlboro, MD 20772

Marsel Spears, 5304 Derby Manor Lane, Upper Marlboro, MD 20772